UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L HADLEY,<br><br>               Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>               Respondent. | CASE NO. C12-6036 BHS-JRC<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE AND DIRECTING PETITIONER TO SHOW CAUSE WHICH GROUNDS FOR RELIEF ARE EXHAUSTED |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed pursuant to 28 U.S.C. § 2254.

Petitioner asks that the Court stay this petition and hold it in abeyance while he exhausts additional grounds for review in state court (ECF No. 2). The Court denies petitioner's motion because petitioner will have one hundred and twelve days after his personal restraint petition is

ORDER DENYING PETITIONER'S MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE AND DIRECTING PETITIONER TO SHOW CAUSE WHICH GROUNDS FOR RELIEF ARE EXHAUSTED - 1

dismissed to file a habeas corpus petition. Further, on the record provided, the Court cannot determine if this is a mixed petition, or an unexhausted petition.

The Court has reviewed the petition and the motion to stay this petition (ECF No. 1 and 2). Petitioner did not provide the Court with information as to which of his nine grounds for relief were allegedly exhausted on direct appeal and which are currently pending in petitioner's state personal restraint petition (ECF No. 1 and 2). Thus, the Court cannot determine if this is a mixed petition (involving some exhausted and some unexhausted claims) or an unexhausted petition (none of the claims are exhausted).

Petitioner has one year after the state court's final action to file a federal habeas corpus petition. Petitioner does provide the dates of the state court's rulings on petitioner's direct appeal. Petitioner also provides the date he filed his personal restraint petition (ECF No. 1). From these dates, the Court can determine how much of the one-year time frame for filing a federal habeas corpus petition remains. The one-year filing time frame and the rules for determining the time start are found in 28 U.S.C. §2244(d)

Petitioner was sentenced on January 25, 2007 (ECF No. 1, page 1). Petitioner filed a direct appeal (ECF No. 1, page 2). Petitioner's conviction and sentence were affirmed by the Washington State Court of Appeals on August 19, 2008. *Id*. Petitioner filed for review in the Washington State Supreme Court and he alleges his conviction was "affirmed" by the Washington State Supreme Court on February 19, 2009. *Id*.

Petitioner had ninety days from February 19, 2009 to file a writ of certiorari with the United States Supreme Court. *See* 28 U.S.C. §2101(c). Petitioner did not file a writ of certiorari (ECF No.1 page 3). This means that petitioner's conviction became final and the one-year statute of limitation began to run on May 22, 2009 -- ninety days after February 19, 2009. Petitioner

ORDER DENYING PETITIONER'S MOTION TO
STAY THIS PETITION AND HOLD IT IN
ABEYANCE AND DIRECTING PETITIONER TO
SHOW CAUSE WHICH GROUNDS FOR RELIEF
ARE EXHAUSTED - 2

filed a personal restraint petition in the Washington State Supreme Court on January 19, 2010 (ECF No. 1, page 4). Petitioner's filing of a personal restraint petition stays the running of the one year statute of limitation. *See* 28 U.S.C. §2244(d)(2). Petitioner's personal restraint petition is a collateral challenge to his conviction or sentence.

From May 22, 2009, when the direct appeal became final, until January 19, 2010, when the personal restraint petition was filed, is two hundred and fifty-three days. There are three hundred and sixty-five days in a year. Therefore, petition has one hundred and twelve days after a decision on his personal restraint petition to file a federal habeas corpus petition. Petitioner's assertion that he "could be timed-barred [sic]" from proceeding on his petition for federal habeas corpus if his motion to stay this petition and hold it in abeyance is not granted is not accurate (ECF No. 2, page 1). Petitioner will have over three months to file a federal habeas petition after his personal restraint petition is dismissed.

Further, the Court cannot stay this petition because the Court cannot determine if it is a mixed petition or an unexhausted petition. Petitioner has not informed the Court what claims he is raising in his personal restraint petition and what claims he has allegedly already exhausted through his direct appeal. The Court must dismiss "mixed" habeas petitions -- that is, petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court. *Id*. at 510. District courts may use a "stay-and-abeyance" procedure in which the court dismisses the unexhausted claims while staying the remaining exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-77; *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir.1998). A petition may be held in abeyance on a motion from petitioner after

ORDER DENYING PETITIONER'S MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE AND DIRECTING PETITIONER TO SHOW CAUSE WHICH GROUNDS FOR RELIEF ARE EXHAUSTED - 3

petitioner dismisses the unexhausted claims. Because the Court cannot determine on this record if this is a mixed petition, or an unexhausted petition, staying the petition and holding it in abeyance is not proper.

Dismissal without prejudice of the entire petition is not an option at this point for the Court because a federal court cannot dismiss a mixed petition without giving petitioner the opportunity either to return to state court (dismissal by a motion by petitioner), or dismissal or amendment of unexhausted claims and proceeding forward on only the exhausted claims. *Rose v Lundy*, 455 U.S. 509, 510 (1982); *Jefferson v. Budge*, 419 F.3d 1013, 1015-16 (9th Cir. 2005); *Henderson v. Johnson*, 2012 WL 6571645 (9th Cir December 13, 2012).

Because petitioner will have one hundred and twelve days to file his petition if his personal restraint petition is dismissed, and because the Court cannot determine from this record whether this is a mixed petition or an unexhausted petition, the motion to stay this petition and hold it in abeyance is denied.

Petitioner is ordered to show cause and provide the Court with information as to which of his nine grounds for relief were exhausted in state court on direct appeal and which grounds for relief are currently raised in his personal restraint petition. A response to this order to show cause will be due in Court on or before February 8, 2013. In the alternative, petitioner has the option of dismissing this petition without prejudice by filing a motion.

Dated this 7th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE AND DIRECTING PETITIONER TO SHOW CAUSE WHICH GROUNDS FOR RELIEF ARE EXHAUSTED - 4